IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAX-PLANCK-GESELLSCHAFT ZUR )
FOERDERUNG DER WISSENSCHAFTEN e.V., )
)
      Plaintiff, )
)
                            ) CIVIL ACTION NO.
v. )
)
WOLF GREENFIELD & SACKS, PC, )
)
      Defendant. )
)
)

## NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF MASSACHUSETTS:**

Pursuant to 28 U.S.C., §§ 1331, 1338, 1367, 1441 and 1446, defendant Wolf Greenfield

& Sacks, PC ("Wolf Greenfield") hereby removes to this Court the above-captioned action

pending in the Superior Court Department of the Trial Court, Suffolk County Business Litigation

Session, as Docket No. 09-2654-BLS1 (the "Action").  As grounds for and in support of

removal, Wolf Greenfield states as follows:

### Procedural Background

1.      On or about June 26, 2009, plaintiff Max-Planck-Gesellschaft Zur Foerderung der

Wissenschaften e.V. ("Max-Planck") commenced the Action by filing a Complaint in the Suffolk

County Superior Court, Business Litigation Session.

2.      On July 1, 2009, Max-Planck purported to serve on Wolf Greenfield a copy of a

Summons, two (2) Civil Action Cover Sheets, Complaint and Amended Complaint and in the

Action.  A true and accurate copy of the Summons, two (2) Civil Action Cover Sheets,

Complaint and Amended Complaint are filed with this Notice in accordance with 28 U.S.C., § 1446(a) and are attached hereto as Exhibits A through D, respectively.

3.      This notice of removal is filed within 30-days after receipt by Wolf Greenfield of a copy of the initial pleadings in the Action and is, therefore, timely under 28 U.S.C., § 1446(b).

4.      Venue is appropriate in the Eastern Division of the United States District Court for the District of Massachusetts under 28 U.S.C. § 1441(a), which provides that removal shall be to the "district and division embracing the place where such action is pending." The underlying action is pending in Suffolk Superior Court, and Suffolk County is embraced by the Eastern Division of the District of Massachusetts.

5.      Notice of Removal of the Action is being filed contemporaneously herewith in the Suffolk Superior Court, Business Litigation Session.  A copy of the Notice of Removal is attached hereto as Exhibit E.

### Removal is Proper because this Court has Original Jurisdiction over Max-Planck's Claims Arising Under the Laws of the United States

6.      28 U.S.C., § 1331 grants to the United States district courts original jurisdiction "of all actions arising under the Constitution, laws, or treaties of the United States". Specifically, the district courts shall have "original jurisdiction of any civil action arising under any Acts of Congress relating to patents." 28 U.S.C., § 1338(a).  Removal is appropriate in this instance because this Court shall have jurisdiction "exclusive of the courts of the states in patent … cases." 28 U.S.C., § 1338(a).

7.      Max-Planck brings a three count Complaint against Wolf Greenfield in which it asserts claims sounding in legal malpractice and breach of fiduciary duty.  Through its Complaint, Max Planck further seeks a declaratory judgment as to the respective rights and obligations of the parties.  Despite purporting to assert what appear to be strictly state-law causes

of action, Max-Planck's right to relief on its claims necessarily raises a federal issue involving the United States Patent Laws.

8.       Specifically, Max-Planck alleges that it is the co-owner of a family of patent applications currently pending before the United States Patent and Trademark Office ("USPTO") (the "Tuschl I Patent Applications"). Complaint, ¶ 2.

9.       Max-Planck further asserts that it is the sole owner of a second family of patent applications also pending before the USPTO (the "Tuschl II Patent Applications"). Complaint, ¶ 4.

10.      Max-Planck claims that it executed an Appointment of Power of Attorney in favor of Wolf Greenfield on March 31, 2004 for the purpose of prosecuting the Tuschl I Patent Applications, but that Wolf Greenfield wrongfully included certain parts of the Tuschl II Patent Applications in the Tuschl I Patent Applications. Complaint, ¶ 7, 10. Max-Planck further alleges that the Tuschl I Patent Applications have improperly cross-claimed priority to the filing of a European patent application that falls within the Tuschl II family of Patent Applications. Complaint, ¶ 10.

11.      Finally, Max-Planck asserts that Wolf Greenfield committed legal malpractice (Count I) and breached its fiduciary duties (Count II) when it failed to effectively prosecute the Tuschl I Patent Applications in accordance with Max Planck's instructions. Instead, Max-Planck alleges, Wolf Greenfield chose to prosecute the Tuschl I Patent Applications in accordance with instructions received from one of the Patent's co-owners (the assignee of the Tuschl I Patent Applications).

12.      A threshold issue in this case is whether a power of attorney given in connection with a patent prosecution gives rise to an attorney-client relationship and fiduciary duties as between Max-Planck and Wolf Greenfield. Resolution of that issue will necessarily require the

3

Court to consider the patent laws governing the acquisition and assignment of rights to inventions.

13.     Moreover, this case necessarily will involve interpretation of patent laws to determine whether Wolf Greenfield wrongfully included certain parts of the Tuschl II Patent Applications in the Tuschl I Patent Applications and whether the Tuschl I Patent Applications have improperly cross-claimed priority to the filing of the European patent application referenced above. Resolution of any claims against Wolf Greenfield will thus require an analysis of the disclosure and claims of the Tuschl I Patent Applications in the Tuschl II Patent Applications. See Johnson & Johnson Assoc. v. R.E. Serv. Co., 285, F.3d 1046, 1052 (Fed. Cir. 2002).

14.     While legal malpractice actions typically involve only state law claims, the federal courts have increasingly found federal question jurisdiction over legal malpractice cases involving intellectual property issues and 28 U.S.C., § 1338. See, e.g., LaBelle v. McGonagle, 2008 WL 3842998 (D. Mass. 2008); Harness, Dickey & Pierce, P.L.C. v. Powerhouse Marks, LLC, 2008 WL 4457782 (E.D. Mich. 2008); Byrne v. Wood, Herron & Evans, LLP, 2008 WL 3833699 (E.D. Ky. 2008).

15.     Max-Planck's claims arise under the federal patent laws insofar as they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281, 1284 (Fed. Cir. 2007) citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

16.     To the extent that some but not all of Max-Planck's claims raise a stated federal issue, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C., § 1367

because they are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy. Supplemental claims are permitted when they share with recognized federal claims "a common nucleus of operative fact ... such that [the claimant] would ordinarily be expected to try them all in one judicial proceeding." <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 725 (1966). For example, it would be impossible to determine whether Wolf Greenfield breached any fiduciary duties to Max-Planck without first deciding the relationship between Max-Planck and Wolf Greenfield in conjunction with the patent laws governing the acquisition and assignment of rights to inventions. Similarly, it would be impossible to evaluate whether Wolf Greenfield committed legal malpractice without first analyzing the disclosure and claims of the Tuschl I Patent Applications in the Tuschl II Patent Applications under the patent laws.

## **The Related Action**

17.     On July 26, 2009, Max-Planck's also brought a nine-count Complaint against the co-owners of the Tuschl I Patent Applications premised on the co-owner defendants' alleged improper and unlawful filing and prosecution of the Tuschl I Patent Applications. Max-Planck originally filed the action in the Suffolk Superior Court, Business Litigation Session, styled as <u>Max-Planck-Gesellschaft Zur Forderung der Wissenschaften E.V., et al. v. Whitehead Institute for Biomedical Research, et al.</u>, Civil Action No. 09-2674-BLS1 (the "Main Action").

18.     On or about July 1, 2009, the co-owner defendants removed the action to the United States District Court for the District of Massachusetts, where it is presently pending before the Honorable Patti B. Saris. This Action is clearly related and ancillary to the Main Action and should be presided over by the same judicial officer.

WHEREFORE, Wolf Greenfield & Sacks, PC hereby removes the above-captioned action from the Suffolk Superior Court, Business Litigation Session, to this Court and requests that further proceedings be conducted in this Court as provided by law.

This notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WOLF GREENFIELD & SACKS, PC

By its attorneys,


/s/ Richard M. Zielinski
Richard M. Zielinski, BBO #540060
Timothy J. Dacey, BBO #111800
Elizabeth L. Schnairsohn, BBO #658532
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone:  (617) 482-1776
Facsimile:  (617) 574-4112


Dated:  July 9, 2009

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and with respect to any counsel so registered.  I also certify that I have this day served the foregoing document by causing a copy thereof to be forwarded by hand delivery to counsel for the plaintiff.

/s/ Richard M. Zielinski
Richard M. Zielinski

GSDOCS\1924764.3